USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/2023

**MEMO ENDORSED**

**Memorandum Endorsement**
*Randi Stassa v. Pyramid Management Group, LLC, et al*
7:23-cv-1447 (NSR)

The Court DENIES Plaintiff's attached Motion to Remand to State Court, dated March 24, 2023 (ECF No. 4) without prejudice to renew and subject to refiling, for failure to comply with the Court's Individual Rules of Practice in Civil Cases, dated February 8, 2018 (the "Individual Rules"). Plaintiff is referred to Section 3(A)(ii) of the Individual Rules.

The Clerk of the Court is kindly directed to terminate the motion at ECF No. 4.

Dated: March 28, 2023
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RANDI STASSA,

                        Plaintiff,

      -against-

PYRAMID MANAGEMENT GROUP, LLC,
CYRSTAL RUN NEWCO, LLC,
and TARGET CORPORATION,

                        Defendants.
------------------------------------------------------------------------X

**Civil Action**

**Case No.: 7:23-cv-01447-NSR**

**PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

Plaintiff, RANDI STASSA, by and through her attorneys, SOBO & SOBO, LLP, respectfully moves this Honorable Court for an Order remanding this matter back to the Supreme Court of The State of New York, County of Orange.

On February 22, 2023, Defendants filed a Notice of Removal transferring this matter to this Court.

    **I.**    **Defendants are aware that there is no diversity**

Defendants attach as Exhibit J to their Notice of Removal a "Ground Lease" agreement dated June 16, 2000, which clearly establishes that Defendants Pyramid Management Group, LLC and Crystal Run Newco, LLC are both citizens of New York. As evidenced by paragraph 1 of Plaintiff's Complaint, Plaintiff is a citizen of New York. Defendants cannot ignore the jurisdictional limits of this Court with a self-serving statement that the New York Defendants have no liability in this case and should not be named as defendants.

Since Defendants have admitted that there is no diversity of citizenship, Plaintiff respectfully submits that this matter should be remanded back to the state court.

## II. Defendants knew or should have known Plaintiff's damages exceeded the minimum jurisdictional limits of this Court much more than 30 days before they filed the Notice of Removal

As evidenced by Exhibit A to Defendants' Notice of Removal, the Notice of Removal was filed almost a year after Plaintiff filed its Complaint on March 29, 2022 and almost a year after Defendants were first served with said Complaint on March 31, 2022 and April 6, 2022. Plaintiff Complaint alleged that Plaintiff's damages exceeded the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this case. Defendants had plenty of time to determine the value of Plaintiff's damages and clearly knew or should have known that the value of Plaintiff's damages exceeded the jurisdictional limits of this court, thereby obligating them to file any Notice of Removal long before nine (9) months after the filing of Plaintiff's Complaint.

Moreover, Defendants have conveniently excluded from their Exhibit H, Plaintiff's Bill of Particulars which was served upon Defendants on January 11, 2023. <u>See</u>, Plaintiff's Verified Bill of Particulars, attached hereto as Exhibit "A". This Bill of Particulars sets forth, in detail, the nature and extent of Plaintiff's significant injuries alleged to be related to the subject incident. In the Bill of Particulars, Plaintiff set forth the following injuries:

<u>**AS TO THE RIGHT SHOULDER**</u>
- LABRAL TEAR;
- LABRAL CYST;
- TENDINOPATHY;
- INTERNAL DERANGEMENT;
- WEAKNESS;
- LOSS OF FUNCTION OF THE RIGHT SHOULDER;
- DECREASED RANGE OF MOTION;
- PAIN;
- SWELLING;
- TENDERNESS;
- TINGLING;

- STIFFNESS;
- FUTURE SURGERY MAY BE REQUIRED WITH RESULTANT SCARRING;
- FUTURE DEVELOPMENT OF ARTHRITIS MAY OCCUR;

**AS TO THE CERVICAL SPINE**
- DISC DERANGEMENT REQUIRING A PROCEDURE IN THE FORM OF TRIGGER POINT INJECTIONS ADMINISTERED ON 12/12/2019;
- CERVICAL PLEXOPATHY;
- DISC DERANGEMENT;
- RESTRICTION OF MOTION;
- LACK OF PROPER FUNCTION OF THE CERVICAL SPINE;
- SEVERE TENDERNESS ALONG THE C5, C6, AND C7 RIGHT SPINAL PROCESSES ALONG THE FACET JOINTS;
- DECREASED RANGE OF MOTION;
- PAIN;
- SWELLING;
- TENDERNESS;
- TINGLING;
- STIFFNESS;
- FUTURE SURGERY MAY BE REQUIRED WITH RESULTANT SCARRING;
- FUTURE DEVELOPMENT OF ARTHRITIS MAY OCCUR;

**AS TO THE LUMBAR SPINE**
- DISC DERANGEMENT;
- RECOMMENDED PROCEDURE IN THE FORM OF FACET JOINT NERVE BLOCKS AT L3, L4, AND L5, BILATERALLY,
- SEVERE LUMBAR DORSOPATHY AT L3, L4, AND L5, BILATERALLY;
- EXQUISITE TENDERNESS ALONG THE L3, L4, AND L5 FACET JOINT LINE, BILATERALLY;
- DECREASED RANGE OF MOTION;
- RESTRICTION OF MOTION;
- LACK OF PROPER FUNCTION OF THE LUMBAR SPINE;
- PAIN;
- SWELLING;
- TENDERNESS;
- TINGLING;
- STIFFNESS;
- FUTURE SURGERY MAY BE REQUIRED WITH RESULTANT SCARRING;
- FUTURE DEVELOPMENT OF ARTHRITIS MAY OCCUR;

**AS TO THE LEFT KNEE**
- BAKER'S CYST;
- LINEAR SIGNAL CHANGE AT THE POSTERIOR HORM OF THE MEDIAL MENISCUS;
- INTERNAL DERANGEMENT;
- DECREASED RANGE OF MOTION;

- RESTRICTION OF MOTION;
- LACK OF PROPER KNEE FUNCTION;
- PAIN;
- SWELLING;
- TENDERNESS;
- TINGLING;
- STIFFNESS;
- FUTURE SURGERY MAY BE REQUIRED WITH RESULTANT SCARRING;
- FUTURE DEVELOPMENT OF ARTHRITIS MAY OCCUR;

Thus, not only did Defendants have almost a year to verify that the value of Plaintiff's claims was above the jurisdictional minimum limit of this Court but, at the latest, when Plaintiff served its Bill of Particulars, and supporting medical records upon Defendants on January 11, 2023, Defendants knew or should have know that Plaintiff's claims exceeded the jurisdictional minimum limit of this Court.

WHEREFORE, Plaintiff moves for an Order remanding this matter back to the Supreme Court of The State of New York, County of Orange.

Dated: March 24, 2023
       Middletown, New York

          **SOBO & SOBO, LLP**
          /s/ Matthew Samradli

          _____
          **By: Matthew Samradli, Esq.**
          *Attorney for Plaintiff*
          One Dolson Avenue
          Middletown, New York 10940
          P: (845) 394-2540
          E: msamradli@sobolaw.com

TO:    **FISHMAN MCINTYRE LEVINE SAMANSKY, PC**
        **Attn: Mitchell B. Levine, Esq.**
        *Attorneys for Defendants,*
        *PYRAMID MANAGEMENT GROUP, LLC,*
        *CRYSTAL RUN NEWCO, LLC and*
        *TARGET CORPORATION,*
        527 Fifth Avenue, 17th Floor
        New York, New York 10175
        P: (212) 461-7190
        E: mitch@fishmanmcintyre.com

# EXHIBIT

# A

From: Chelsea Hohnhorst <chohnhorst@sobolaw.com>
Sent: Wednesday, January 11, 2023 5:28 PM
To: mitch@fishmanmcintyre.com; rbentzen@cerussilaw.com
Cc: Oliver Bather <obather@sobolaw.com>; Jeremy Acevedo <jacevedo@sobolaw.com>
Subject: Stassa v. Pyramid Management Group, LLC, et al. / Index No.: EF001842-2022

Good afternoon, Counselors,

Attached please find Plaintiff's Bill of Particulars and Responses to Defendants' Demands, Plaintiff's medical records, duly executed HIPAA authorizations, the guest incident report, the pa size restrictions, a subsequent email will be sent in this chain with photographs of the incident location. Please note that Oliver Bather, Esq. is the handling attorney and Jeremy Acevedo or concerns to both of them directly.

**Oliver M. Bather**
Attorney
One Dolson Ave., Middletown, NY 10940
Direct: (845) 394-2517
Main: (845) 343-7626 (Sobo & Sobo)
Fax: (845) 343-0929
Email: obather@sobolaw.com
Website: www.sobolaw.com

Bronx – Manhattan – Middletown – Monticello
Chester – Newburgh – Poughkeepsie – Rockland

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------------------------------------X
RANDI STASSA,

                Plaintiff,

    -against-

PYRAMID MANAGEMENT GROUP, LLC,
CYRSTAL RUN NEWCO, LLC,
and TARGET CORPORATION,

                Defendants.
------------------------------------------------------------------------X

**VERIFIED BILL OF PARTICULARS TO DEFENDANT, TARGET CORPORATION**

**Index No.: EF001842/2022**

COUNSELOR:

    Plaintiff, RANDI STASSA, by and through her attorneys, SOBO & SOBO, LLP, as and for a response to Defendant's, TARGET CORPORATION (hereinafter "Target"), Demand for a Verified Bill of Particulars, herein alleges the following:

1. The subject incident took place on June 18, 2019, at approximately 11:45 AM.

2. The subject incident occurred inside of the Target store, in or near Aisle 11, in the Galleria at Crystal Run located at 1 North Galleria Drive, Suite 140, Middletown, New York 10941.

3. Defendant was negligent, wanton, reckless, and careless in: allowing, causing, and/or creating a dangerous and hazardous condition, in the form of a slippery liquid on the floor, to exist on the aforementioned premises; failing to warn Plaintiff of the dangerous conditions which existed at the incident location; failing to inspect the premises so as to avoid the incident which occurred; failing to remove the liquid substance from the floor on which it was situated; failing to use appropriate signage to warn Plaintiff and other invitees of the dangers on the premises; failing to remedy the dangerous and hazardous condition; failing to divert pedestrian traffic; failing

to obey the applicable and controlling codes, ordinances, and regulations; and Defendant was negligent, wanton, reckless, and careless in other ways to be discovered and investigated.

4. Defendant violated the negligence standard as defined by the New York Pattern Jury Instructions, PJI 2:10. Plaintiff will request that the Court take judicial notice of all applicable laws, rules, regulations, and/or ordinances that have been violated by Defendants at the time of the trial of the within matter.

5–8. Plaintiff objects to this demand as improper and as one seeking a response which is testimonial in nature and would be more appropriately addressed during depositions. Nevertheless, without waiving any rights or objections, the Plaintiff was caused to be violently precipitated to the ground due to the aforementioned dangerous, hazardous, and slippery condition which existed as a result of the Defendant's negligence, carelessness, and recklessness.

9–13. Plaintiff objects to this request as not a proper request for a Demand for a Bill of Particulars pursuant to CPLR § 3043.

14. Plaintiff objects to this demand as improper and as one seeking a response which is testimonial in nature, and which would be more appropriately addressed during depositions.

15. As a result of the accident complained of herein, Plaintiff was caused to sustain serious and permanent bodily injuries which consisted, more particularly, of the following:

**AS TO THE RIGHT SHOULDER**

LABRAL TEAR;

LABRAL CYST;

TENDINOPATHY;

INTERNAL DERANGEMENT;

WEAKNESS;

LOSS OF FUNCTION OF THE RIGHT SHOULDER;

DECREASED RANGE OF MOTION;

PAIN;

SWELLING;

TENDERNESS;

TINGLING;

STIFFNESS;

FUTURE SURGERY MAY BE REQUIRED WITH RESULTANT SCARRING;

FUTURE DEVELOPMENT OF ARTHRITIS MAY OCCUR;

**AS TO THE CERVICAL SPINE**

DISC DERANGEMENT REQUIRING A PROCEDURE IN THE FORM OF TRIGGER POINT INJECTIONS ADMINISTERED ON 12/12/2019;

CERVICAL PLEXOPATHY;

DISC DERANGEMENT;

RESTRICTION OF MOTION;

LACK OF PROPER FUNCTION OF THE CERVICAL SPINE;

SEVERE TENDERNESS ALONG THE C5, C6, AND C7 RIGHT SPINAL PROCESSES ALONG THE FACET JOINTS;

DECREASED RANGE OF MOTION;

PAIN;

SWELLING;

TENDERNESS;

TINGLING;

STIFFNESS;

FUTURE SURGERY MAY BE REQUIRED WITH RESULTANT SCARRING;

FUTURE DEVELOPMENT OF ARTHRITIS MAY OCCUR;

**AS TO THE LUMBAR SPINE**

DISC DERANGEMENT;

RECOMMENDED PROCEDURE IN THE FORM OF FACET JOINT NERVE BLOCKS AT L3, L4, AND L5, BILATERALLY,

SEVERE LUMBAR DORSOPATHY AT L3, L4, AND L5, BILATERALLY;

EXQUISITE TENDERNESS ALONG THE L3, L4, AND L5 FACET JOINT LINE, BILATERALLY;

DECREASED RANGE OF MOTION;

RESTRICTION OF MOTION;

LACK OF PROPER FUNCTION OF THE LUMBAR SPINE;

PAIN;

SWELLING;

TENDERNESS;

TINGLING;

STIFFNESS;

FUTURE SURGERY MAY BE REQUIRED WITH RESULTANT SCARRING;

FUTURE DEVELOPMENT OF ARTHRITIS MAY OCCUR;

**AS TO THE LEFT KNEE**

BAKER'S CYST;

LINEAR SIGNAL CHANGE AT THE POSTERIOR HORM OF THE MEDIAL MENISCUS;

INTERNAL DERANGEMENT;

DECREASED RANGE OF MOTION;

RESTRICTION OF MOTION;

LACK OF PROPER KNEE FUNCTION;

PAIN;

SWELLING;

TENDERNESS;

TINGLING;

STIFFNESS;

FUTURE SURGERY MAY BE REQUIRED WITH RESULTANT SCARRING;

FUTURE DEVELOPMENT OF ARTHRITIS MAY OCCUR;

**OTHER INJURIES**

POST-TRAUMATIC FUNCTIONAL IMPAIRMENT OF THE INJURED REGIONS;

INABILITY TO PARTICIPATE IN NORMAL PHYSICAL AND/OR RECREATIONAL ACTIVITIES FOR A PROLONGED PERIOD OF TIME.

Upon information and belief, all of the aforementioned injuries are permanent, arthritic producing and progressive, except those of superficial nature. All of the Plaintiff's injuries, upon information and belief, include all the sequelae following from the aforesaid injuries and are further associated with soft tissue injuries to the areas traumatically affected, including damage to the muscles,

ligaments, tendons, blood supply and nerve tissue with permanent effect of pain, disability, stiffness, discomfort, loss of motion and interference with normal usage and movement of those areas traumatically affected.

The above has caused the Plaintiff to complain and suffer from ongoing and full, free and normal use and function of the aforesaid regions, all of which have residual conditions which still persist and which upon information and belief, except for those of superficial nature, will be permanent.

16. Upon information and belief, all of the aforementioned injuries are permanent, arthritic producing and progressive, except those of superficial nature. All of the Plaintiff's injuries, upon information and belief, include all the sequelae following from the aforementioned injuries and are further associated with soft tissue injuries to the areas traumatically affected, including damage to the muscles, ligaments, tendons, blood supply and nerve tissue with permanent effects of pain, disability, stiffness, discomfort, loss of motion and interference with normal usage and movement of those areas traumatically affected. Plaintiff will claim each and every injury contained in the medical reports, which have been, or which will be, forwarded to the Defendant pursuant to the rules governing the exchange of medical information.

17. Plaintiff objects to this request as not a proper request for a Demand for a Bill of Particulars pursuant to § 3043.

18. Plaintiff was not confined to a hospital. Regarding the remainder of this demand, a Defendant is not entitled to a list of physicians or hospitals in which the plaintiff sought treatment in a Verified Bill of Particulars. See Adair v. Young, __ A.D. __,

205 N.Y.S.2d 463 (Sup. Ct. 1959) (In a demand for a Verified Bill of Particulars, the Defendant is not entitled to "the names of witnesses or physicians." (citation omitted)).  Nevertheless, without waiving any rights or objections, annexed hereto are copies of Plaintiff's medical records and duly executed and acknowledged authorizations to obtain Plaintiff's medical records, which include the following providers and respective addresses.

19. Plaintiff objects to this request as not a proper request for a Demand for a Bill of Particulars pursuant to § 3043.

20-21. A Defendant is not entitled to a list of physicians or hospitals in which the plaintiff sought treatment in a Verified Bill of Particulars.  See Adair v. Young, __ A.D. __, 205 N.Y.S.2d 463 (Sup. Ct. 1959) (In a demand for a Verified Bill of Particulars, the Defendant is not entitled to "the names of witnesses or physicians." (citation omitted)).  Nevertheless, without waiving any rights or objections, annexed hereto are copies of Plaintiff's medical records and duly executed and acknowledged authorizations to obtain Plaintiff's medical records, which include the following providers and respective addresses.

22–24. Not applicable.

25–27. Not applicable. Plaintiff is not making a claim for lost earnings.

28. The following amounts are claimed as special damages:

    a.  Physician's Services:	Amount not known at present.

    b.  Medical Supplies:	Amount not known at present.

    c.  Hospital Charges:	Amount not known at present.

    d.  X-Ray Expenses:	Amount not known at present.

      e. Nurse Services:           Amount not known at present.

      f. Loss of Earnings:          Amount not known at present.

      g. Other Expenses:          Amount not known at present.

The amount of Plaintiff's special damages cannot be fully determined at this time but will be provided. Upon information and belief, the amount of special damages is contained within the records of the various medical providers and also in the collateral source records. Authorizations enabling Defendant(s) to obtain these records have been provided in Plaintiff's discovery responses. Additional damages are still being assessed at this time. Plaintiff reserves the right to supplement this response upon the completion of further discovery.

29. Plaintiff reserves the right to supplement this response.
30. See Plaintiff's response to numbered paragraph "28" above.
31. Plaintiff's date of birth is October 11, 1969. Plaintiff objects to the demand for her social security number. Nevertheless, without waiving any rights or objections, the last four digits of Plaintiff's social security number are 1321.

32–33. Not applicable.

*Plaintiff reserves the right to amend and/or supplement each and every response herein at any time, up to and including the time of Trial.*

Dated: January 11, 2022
       Middletown, New York

                 **SOBO & SOBO, LLP**

                 _____
                 **By: Oliver M. Bather, Esq.**
                 *Attorneys for Plaintiff*
                 One Dolson Avenue
                 Middletown, New York 10940
                 P: (845) 343-7626
                 F: (845) 343-0929
                 E: obather@sobolaw.com
                 Our File No.: 2044715

TO: **FISHMAN MCINTYRE LEVINE SAMANSKY, PC**
   **Attn: Mitchell B. Levine, Esq.**
   *Attorneys for Defendant*
   TARGET CORPORATION
   527 Fifth Avenue, 17th Floor
   New York, New York 10175
   P: (212) 461-7190
   F: (845) 369-0673
   E: mitch@fishmanmcintyre.com
   Your File No.: TARN-203-ML

CC: **CERUSSI & SPRING**
   **Attn: Richard D. Bentzen, Esq.**
   *Attorneys for Defendants*
   PYRAMID MANAGEMENT GROUP, LLC and
   CRYSTAL RUN NEWCO, LLC i/s/h/a CRYSTAL RUN NEWCO, LLC
   One North Broadway, Suite 1100
   White Plains, New York 10601
   P: (914) 948-1200
   E: rbentzen@cerussilaw.com