UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RANDI STASSA,

                              Plaintiff,

      -against-

PYRAMID MANAGEMENT GROUP, LLC,
CRYSTAL RUN NEWCO, LLC,
AND TARGET CORPORATION,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **02/05/2024**

7:23-CV-01447 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Randi Stassa ("Plaintiff") commenced this action sounding in negligence in New York State Supreme Court, Orange County, against Defendants Pyramid Management Group, LLC ("Pyramid"), Crystal Run Newco, LLC ("Crystal Run"), and Target Corporation ("Target") (collectively, "Defendants") for injuries purportedly sustained when Plaintiff slipped and fell in a Target store in Orange County, New York. (ECF No.1.) Defendants removed this action from state court by invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. In so doing, Defendants allege that even though Crystal Run, Pyramid, and Plaintiff are New York citizens, neither Pyramid nor Crystal Run destroy the diversity because Plaintiff has no viable claim against them under New York law. In other words, Defendants allege that Plaintiff fraudulently joined Pyramid and Crystal Run as parties to this action for the purpose of destroying diversity jurisdiction. Presently before the Court is Plaintiff's motion to remand the case to state court. (ECF No. 13, Brief in Support of Plaintiff's Motion to Remand ("Pl. Br.").) For the following reasons, the Court GRANTS Plaintiff's motion.

## BACKGROUND

In the operative complaint, Plaintiff alleges that on March 29, 2022, while traversing in the subject premises, she was caused to slip and fall due to water which had accumulated on the floor of Defendants' property, a Target store located in Middletown, New York. (*See* ECF No. 1, Ex. A, Verified Complaint ("Compl."); ECF No. 12, Ex. 1, Plaintiff's Affidavit ("Pl. Aff.") ¶¶ 4-5.) Plaintiff alleges that Pyramid and Crystal Run are the owners, lessees and managers of the Target store. (*See* Compl. ¶¶ 11-31.) Of relevance, Plaintiff alleges that each of Defendants "controlled," "operated," "owned," "managed," "maintained," or otherwise retained responsibility for the property upon which Plaintiff was injured. (*Id.*) Defendants removed the action to federal court on February 22, 2023, alleging that Plaintiff fraudulently joined Pyramid and Crystal Run "solely in an effort to defeat diversity jurisdiction." (ECF No. 1, Defendants' Notice of Removal ("Notice of Removal") ¶ 16.) In sum, Defendants argue, "Pyramid and Crystal Run have absolutely nothing to do with plaintiff's accident or any condition or hazard related to same." (*Id.*)

## LEGAL STANDARDS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Removal jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." *In re NASDAQ Mkt. Makers Antitrust Litig.*, 929 F.Supp. 174, 178 (S.D.N.Y.1996).

"[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union, Local 919, AFL–CIO v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)

(internal citations omitted).  Section 1447(c) states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). On a motion for remand, "the party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *Veneruso v. Mount Vernon Neighborhood Health Ctr.*, No. 09–CV–8703, 2013 WL 1187445, at *2 (S.D.N.Y. Mar. 22, 2013).

Federal district courts have proper jurisdiction over civil matters "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  "Complete diversity of citizenship of the parties is required, since an 'action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (citing 28 U.S.C. § 1441(b)). Complete diversity does not exist if any plaintiff and any defendant share the same citizenship. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88 (2005); *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).  In cases where removal is based on diversity, "the parties must be diverse both at the time of removal and at the time the state court complaint was filed." *Albstein v. Six Flags Entm't Corp.*, No. 10 Civ. 5840(RJH), 2010 WL 4371433, at *2 (S.D.N.Y. Nov. 4, 2010).

However, "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460–61 (2d Cir. 1998). To avoid this issue, courts can consider whether "naming a non-diverse defendant is a 'fraudulent joinder' effected to defeat diversity." (*Id.* at 61). To successfully demonstrate fraudulent joinder, the defendant must, "by clear and convincing evidence, [show] either that there has been outright fraud

committed in the plaintiff's pleadings, or that there is *no possibility*, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." (*Id.*) (emphasis added). In proving fraudulent joinder, "[t]he defendant seeking removal bears a heavy burden" and "all factual and legal issues must be resolved in favor of the plaintiff." (*Id.*)

The court may look outside of the pleadings to determine whether it is appropriate to apply the fraudulent joinder doctrine. *See Buildings and Const. Trades Council of Buffalo, N.Y. and Vicinity v. Downtown Dev., Inc.*, 448 F.3d 138, 150 (2d Cir. 2006) ("Although this ruling required the district court to look outside the pleadings, a court has discretion to do so when determining whether it has subject matter jurisdiction."). Although courts applying the fraudulent joinder standard "scrutinize the plaintiff's claims with greater leniency than when ruling on a motion to dismiss, the motion to dismiss standard remains a useful point of reference [to determine whether a plaintiff can state a claim against the non-diverse defendant in state court]." *Kuperstein v. Hoffman-Laroche, Inc.*, 457 F. Supp. 2d 467, 471 (S.D.N.Y. 2006). If the complaint in question would likely survive a motion to dismiss in state court, then there cannot be fraudulent joinder and the court should remand. *Id.* On the other hand, if state law removes any "reasonable possibility that plaintiff would be permitted to litigate," then the court should deny the motion to remand. *Id.* In cases where there is any doubt, "that doubt must be resolved in favor of the plaintiff and the case must be remanded." (*Id.*)

## DISCUSSION

Plaintiff asserts the Court should remand the action back to state court because there is no jurisdictional diversity among the parties as Plaintiff, Crystal Run, and Pyramid are all citizens of New York. (Pl. Br. at 2.) Defendants counter that Plaintiff cannot maintain a valid negligence claim against Pyramid and Crystal Run because they are out of possession landlords and/or

managers of the property, and do not maintain any control over the area wherein the accident occurred. (ECF No. 9, Defendants' Memorandum of Law in Opposition ("Def. Opp.") at 2.) In support of their contention, Defendants proffer Target's lease agreement (the "Ground Lease") which purports to delineate the responsibilities allocated among the respective Defendants. (*See* ECF No. 1, Ex. J, Ground Lease.) The document was executed by Target, as the "Tenant," and Crystal as the "Landlord." (*Id.*)  While Plaintiff alleges in the complaint that Pyramid is the owner and lessee of the premises, said defendant is not referenced in the document.[1]

Section 10.1 of the Ground Lease, provides in relevant part, that Target, the tenant, shall "keep, maintain, repair and replace the Premises, Tenant Improvements, Tenant's Equipment, Separate Utility Lines exclusively serving the Premises (whether on or off the Premises) and all other facilities located on the Premises . . . in neat, clean, safe and orderly condition." *(Id*. § 10.1.) Defendants contend that since the alleged injuries were the are the result of a slip and fall accident which occurred within the interior of the store, for which the tenant is solely responsible to maintain, only Target may be held legal liable for Plaintiff's injuries.

While at first glance Defendants appear to be correct, the Ground Lease must be read in its entirety. Section 10.2 requires Crystal Run, the landlord, to "maintain, repair and replace, and … operate the interior and exterior Common Areas of the Shopping Center, wherein Target is located, in accordance with standards of maintenance comparable to other first class retail developments of comparable size in the State of New York." (*Id.* § 10.2) Section 17.9 further provides that Crystal Run agrees to "defend, protect, indemnify and hold harmless Target from and against all claims or demands . . . asserted or incurred in connection with or arising out of the performance,

---

[1] In its opposition papers, Defense counsel refers to Crystal Run and Pyramid as the landlord and property management company, respectively. (Def. Opp. at 1.)

or failure to perform, by Landlord of its duties or obligations under this Lease with respect to the maintenance and operation of the Common Area." (*Id.* § 17.9).

Generally, under New York law, "liability for a dangerous or defective condition on real property must be predicated upon ownership, occupancy, control, or special use of the property." *Deutsch v. Green Hills (USA)*, LLC, 202 A.D.3d 909, 163 N.Y.S.3d 213 (2022) (internal citations omitted). Without one of these factors present, "a party cannot be held liable for injuries caused by the allegedly defective condition." *Id.* at 911 (quoting *Gover v. Mastic Beach Prop. Owners Assn.,* 57 A.D.3d 729, 730 (2008)). In essence, an out-of-possession landlord who has not retained control over the premises pursuant to contract or statute, cannot be held liable for injuries sustained by a plaintiff on its property. *Landy v. 6902 13th Ave. Realty Corp.*, 70 A.D.3d 649, 894 N.Y.S.2d 497 (2010).

In accordance with the lease terms, it is clear that Target is responsible for maintaining the interior of "the subject Premises" and that Crystal Run has retained some control and responsibility for the "Common Areas." (Ground Lease § 10.1-10.2.) Further inquiry, however, is required. In support of its motion, Plaintiff *avers* that after she slipped and fell, she "felt water dripping on [her] and looked up to see [that] water was dripping from the ceiling." (Pl. Aff. ¶ 7). Plaintiff's averment suggests that the "the water that [she] slipped on had accumulated from this apparent leak in the ceiling." (*Id.*).

Though Plaintiff alleges that she slipped and fell on water inside the Target store, the source of the water that accumulated is still unknown. Based on Plaintiff's allegations, it remains possible that the water accumulated due to a leak in the ceiling. A review of the Ground Lease does not specifically indicate which Defendant, Target or Crystal Run, is responsible to maintain the roof

which has been identified as the source of the water. Since the lease is ambiguous, at this stage, either Defendant, Target or Crystal Run, remain subject to liability.

Defendants rely on *Felipe v. Target Corp.*, a case with fairly analogous facts, in support of their opposition to remand. (Def. Opp. at 4 (citing *Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 461 (S.D.N.Y. 2008).) However, *Felipe* is distinguishable. In that case, like here, the plaintiff brought a negligence action from a slip and fall in a Target store. However, the plaintiff's factual allegations were more general—she alleged defendants "were negligent in their upkeep of the store." *Felipe*, 572 F. Supp. 2d at 457. Moreover, the relevant lease agreement between the store owner defendant Target and the allegedly fraudulently-joined defendant Kingsbridge explicitly stated Kingsbridge had no duties over "portions of the Site where Buildings are located" and only had maintenance duties over the "exterior portions of the buildings—not the interiors—and trash disposal." *Id.* at 462. Here, Plaintiff specifically points to a leak from the ceiling, a potential roof issue, as the potential source of water which caused her to slip and fall. Unlike *Felipe*, the subject lease agreement is not unambiguous.

Since the specific cause of the water accumulation on the Target floor is still unknown, this Court cannot conclude that there are no set of facts on which Plaintiff could recover from Defendant Crystal Run. Thus, Defendants have not met their burden to prove fraudulent joinder. *See, e.g.*, *Battaglia v. Shore Parkway Owner LLC*, 249 F. Supp. 3d 668, 672 (E.D.N.Y. 2017) (holding that since the complaint does not allege the specific circumstances of plaintiff's fall, even though it is unlikely that the non-diverse landlord/property owner is responsible, "the complaint leaves that possibility open," making a determination of fraudulent joinder improper.); *Nemazee v. Premier, Inc.*, 232 F. Supp. 2d 172, 178 (S.D.N.Y. 2002) ("Any possibility of recovery, even if slim, militates against a finding of fraudulent joinder; only where there is 'no possibility' of

recovery is such a finding warranted.") (internal citations omitted). Because the Court must resolve ambiguities in Plaintiff's favor, this Court answers in the affirmative. As such, based on the pleadings and information available to the Court, the Court finds the naming of Defendants Pyramid and Crystal Run are not fraudulently joined and thus, the Court grants Plaintiff's motion and remands the case to state court.

## CONCLUSION

Plaintiff's motion to remand is GRANTED.  The Clerk of the Court is respectfully directed to remand the action back to New York State Supreme Court, Orange County.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 12.

SO ORDERED

Dated:   February 5, 2024
         White Plains, New York

_____
        NELSON S. ROMÁN
     United States District Judge

8